UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK NEWELL                                                                      PETITIONER

VERSUS                                  CIVIL ACTION NO. 2:17CV67-HSO-RHW

EARNEST LEE                                                             RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Derrick Newell filed on May 11, 2017, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. [1]. Newell currently is serving a life sentence following his 1998 conviction for conspiracy to commit armed robbery. Doc. [9-1]. He received a life sentence based on his habitual offender status. On December 14, 1999, the Mississippi Court of Appeals affirmed Newell's conviction and sentence. *See Newell v. State of Mississippi*, 754 So.2d 1261 (Miss. Ct. App. 1999). He filed his first application for post-conviction review with the Mississippi Supreme Court on October 17, 2000. Doc. [9-4]. However, the pleading was signed October 11, 2000. The Mississippi Supreme Court denied the application on March 27, 2002. Doc. [9-5]. Newell then filed a series of additional applications for post-conviction relief in state court. *See* Doc. [9-6] [9-8] [9-10]. The last of these applications was concluded on March 31, 2016, when the Mississippi Court of Appeals issued its mandate. Doc. [9-14]. On May 11, 2017, Newell filed the instant § 2254 petition. Respondent has filed a motion to dismiss the petition as time-barred by the AEDPA's one-year limitation. Doc. [9].

**LAW AND ANALYSIS**

28 U.S.C. § 2244 provides, in relevant part, that:

    (d)(1) A 1-year period of limitation shall apply to an application for a writ
    of habeas corpus by a person in custody pursuant to the judgment of a State

> court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the trial court entered judgment of conviction and sentence on August 25, 1998. The Mississippi Court of Appeals affirmed the judgment on December 14, 1999. Petitioner did not file a motion for rehearing in the Mississippi Court of Appeals. Nor did he seek a writ of certiorari in the Mississippi Supreme Court; therefore, his judgment became final fourteen days after his conviction was affirmed, or in this case on December 28, 1999. See Miss. R. App. P. 40(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Absent tolling, Newell's § 2254 petition would need to be filed by December 28, 2000, to be timely. Newell filed an application for post-conviction relief, which he signed October 11, 2000, thereby tolling the one-year limitations period. The Mississippi Court of Appeals denied the application on March 27, 2002. Accordingly, pursuant to § 2244(d)(2), the one-year limitations period was tolled for 532 days during the pendency of his application for post-conviction relief. In other

words, to be timely, Newell needed to file his § 2254 petition by June 13, 2002 (December 28, 2000, plus 532 days). Newell did not file the instant petition until May 11, 2017, almost 15 years past the deadline. Newell did file several additional applications for post-conviction relief in state court, but none of these was filed prior to June 13, 2002; therefore, none should be considered for purposes of tolling pursuant to § 2244(d)(2). Accordingly, Newell's petition is time-barred.

In his petition, Newell asserts that his petition was delayed in March 2016 by the prison law library. Doc. [1] at 13. He further argues that the merits of his claim should be considered, because he is serving an illegal sentence, with plain error, and a lack of due process. *Id.* at 14-15. In the memorandum supporting his petition, Petitioner apparently acknowledges that his petition was not filed within one year of the AEDPA's one-year limitations period. Doc. [2] at 5. However, he argues that he did not understand his state remedies to be fully exhausted until May 8, 2016, when the Mississippi Supreme Court denied a petition for writ of certiorari. *Id.* at 6. Thus, he contends he had until May 8, 2017, to file a timely petition, based on equitable tolling. *Id.* He further blames his attorneys for failing to submit a habeas corpus petition within one year of his direct appeal. He argues that his attorneys should have filed a timely habeas petition on his behalf. *Id.* at 8-9, 11. In response to the motion to dismiss, Newell further argues that he was denied efforts to submit his § 2254 petition. He contends he had to get a family member to call and complain, because the clerk of the MDOC law library would not pick up his petition. Doc. [10] at 2. He later speculates that the ILAP department did not receive his petition because the tower officer threw them away or because the tower officer mistakenly dropped them in the regular mail bag or because the ILAP department simply refused to honor his requests to submit

3

a habeas petition. *Id.* at 6. Newell asserts that "he started requesting in plenty of time within the one (1) year from the State's final judgment March 08th 2016." *Id.* at 6.

Newell is under the misapprehension that for purposes of the AEDPA's one-year limitation period his conviction and sentence became final some time in 2016. *See* Doc. [1] at 14; Doc. [2] at 6, 12; Doc. [10] at 6. He is wrong. As explained above, Newell's conviction and sentence became final on December 28, 1999. With allowance for tolling during the pendency of his first motion for post-conviction relief, Newell had until June 13, 2002, to file a timely § 2254 petition. His petition filed on May 11, 2017, is nearly 15 years too late. Most, if not all, of the excuses for delay proffered by Newell occurred after the one-year deadline already had expired.

The Supreme Court has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Newell fails to identify any extraordinary circumstance that would justify equitable tolling of nearly 15 years. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). His assertion that he is serving an illegal sentence, and therefore should be entitled to equitable tolling, is without merit. *See O'Neal v. Banks*, No. 1:17CV22-SA-RP, 2017 WL 1483298, at *3 (N.D.Miss. Apr. 25, 2017). He fails to explain how any of the alleged constitutional violations asserted in his petition were unavailable to him prior to the expiration of the AEDPA's one-year limitation period. Nor does he identify any circumstance that prevented timely filing of the § 2254 petition. Newell vaguely casts blame on his attorneys for pursuing claims in state court rather than filing a federal habeas petition. Newell does not indicate that he hired counsel to pursue a federal habeas

petition prior to the expiration of the June 13, 2002, deadline for filing a timely federal petition. Regardless, Newell's casting blame on counsel does not justify equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002); *Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009). Nor does Newell's ignorance of the law or misunderstanding regarding exhaustion of state remedies constitute rare and exception circumstances. *See Felder v. Johnson*, 204 F.3d 168, 170 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [9] Motion to Dismiss be GRANTED and that Derrick Newell's 28 U.S.C. § 2254 petition for writ of habeas corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 11th day of December, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE