# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DERRICK NEWELL**                                          **PETITIONER**

**v.**                               **CIVIL NO.: 2:17cv67-HSO-RHW**

**EARNEST LEE**                                              **RESPONDENT**

## ORDER OVERRULING PETITIONER'S OBJECTION [13], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [11], AND DISMISSING PETITION [1]

BEFORE THE COURT is Petitioner Derrick Newell's ("Newell") Objection [13] to the Report and Recommendation [11] of United States Magistrate Judge Robert H. Walker. Newell filed a Petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Respondent moved to dismiss Newell's Petition, asserting that the Petition is time-barred. The Magistrate Judge recommended that Newell's Petition be dismissed with prejudice. After thoroughly reviewing the Report and Recommendation and the position advanced by Newell, the Court finds that Newell's Objection [13] should be overruled and that the Magistrate Judge's Report and Recommendation [11] should be adopted as the finding of the Court. Newell's Petition for Writ of Habeas Corpus will be dismissed with prejudice.

## I. BACKGROUND

Newell is currently in the custody of the Mississippi Department of Corrections ("MDOC") and is incarcerated at the Mississippi State Penitentiary at Parchman, Mississippi. Pet. [1] at 1. On August 25, 1998, Newell was convicted

of conspiracy to commit armed robbery. *Id.* Newell was sentenced to life in prison as a habitual offender pursuant to Mississippi Code § 99-19-83. On December 14, 1999, the Mississippi Court of Appeals affirmed Newell's conviction and sentence in *Newell v. State of Mississippi*, 754 So. 2d 1261 (Miss. Ct. App. 1999). Newell signed an application for postconviction review with the Mississippi Supreme Court on October 11, 2000, which the court filed on October 17, 2000. Appl. [9-4]. The supreme court denied the application on March 27, 2002. Order [9-5].

On December 1, 2005, Newell signed a second application for leave to seek postconviction relief, which the Mississippi Supreme Court filed on December 8, 2005. Appl. [9-6]. On January 25, 2006, the supreme court dismissed Newell's application as time-barred and successive. Order [9-7]. On July 19, 2006, Newell signed a motion to vacate his conviction and sentence, which the supreme court filed on July 21, 2006. Mot. [9-8]. The court dismissed this motion as time-barred and successive. Order [9-9].

On September 6, 2012, counsel, on Newell's behalf, filed a third application for postconviction relief in the Mississippi Supreme Court. Appl. [9-10]. The supreme court granted the application and ordered Newell to file his motion for postconviction relief in the trial court. Order [9-11]. Newell, through counsel, did so, and on August 19, 2013, the trial court denied Newell's motion. Order [9-12]. Newell appealed, and on April 18, 2015, the Mississippi Court of Appeals affirmed the lower court's denial of relief in *Newell v. State*, 180 So. 3d 701 (Miss. Ct. App.

2

2015).

On May 11, 2017, Newell filed in this Court a Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In his Petition, Newell claimed, *inter alia*, that the trial judge erred by improperly admitting hearsay evidence, the jury verdict was against the sufficiency of the evidence, and the trial judge improperly enhanced Newell's sentence. Pet. [1] at 2.

On June 30, 2017, Respondent filed a Motion [9] to Dismiss pursuant to 28 U.S.C. § 2244(d). Respondent argued that Newell failed to timely file his habeas petition. Mot. [9] at 3. Respondent asserted that Newell's conviction became final on December 28, 1999, *id.* at 4, and that Newell's limitations period was tolled from October 11, 2000 (the day he signed his application for postconviction relief with the Mississippi Supreme Court), to March 27, 2002 (when the supreme court denied Newell's application), extending Newell's deadline for filing his federal habeas petition for 532 days until June 13, 2002, *id.* at 4-5. Respondent contended that Newell did not properly file any motions prior to this June 13, 2002 deadline to further toll the federal limitations period. *Id.* at 5.

Respondent also addressed Newell's request for equitable tolling, arguing that Newell's claim that his sentence is illegal is not a "rare and exceptional circumstance" sufficient to invoke equitable tolling of the limitations period. *Id.* at 8. Newell asserted that his delay in filing his Petition was caused by counsel's error. Pet'r.'s Mem. [2] at 8. Respondent contended that there was nothing to

3

suggest that counsel was hired prior to the expiration of the limitations period in 2002, and, furthermore, equitable tolling was not warranted for mere attorney error or neglect. Mot. [9] at 9.

On December 11, 2017, the Magistrate Judge issued his Report and Recommendation, recommending that Newell's Petition be dismissed with prejudice. R. & R. [11] at 5. The Magistrate Judge noted that the Mississippi Court of Appeals affirmed Newell's conviction and sentence on December 14, 1999, and because Newell did not file a motion for rehearing or seek a writ of certiorari in the Mississippi Supreme Court, Newell's judgment became final on December 28, 1999, fourteen days after his conviction was affirmed. *Id.* at 2. Newell would thus have had to file his § 2254 petition by December 28, 2000, unless the limitations period was tolled. *Id.* The Magistrate Judge found that Newell tolled the limitations period by signing an application for postconviction relief on October 11, 2000, *id.*, and that the one-year limitations period was tolled for 532 days, from the time Newell signed the application for postconviction relief until the Mississippi Court of Appeals denied the application on March 27, 2002, *id.* at 2-3. This extended Newell's deadline until June 13, 2002. *Id.* at 3. The Magistrate Judge found that though Newell filed additional applications for postconviction relief in state court, none were filed prior to June 13, 2002, and thus they did not toll the limitations period. *Id.* Accordingly, Newell's Petition was deemed time-barred. *Id.*

The Magistrate Judge rejected Newell's assertions of equitable tolling. Newell had alleged that his Petition was delayed by the prison law library, the prison guards, and Inmate Legal Assistance Program. Pet'r.'s Resp. [10] at 2, 6. The Magistrate Judge found that these incidents, even if true, occurred after the one-year deadline had already expired. R. & R. [11] at 4. The Magistrate Judge further found that Newell did not indicate that he hired counsel to pursue a federal habeas petition prior to the expiration of the June 13, 2002 deadline, and that, regardless, Newell's assertions of blame on appellate counsel did not justify equitable tolling. *Id*. at 4-5. The Magistrate Judge recommended that Respondent's Motion to Dismiss be granted and Newell's Petition be dismissed with prejudice. *Id*. at 5.

On December 24, 2017, Newell signed an Objection [13] to the Magistrate Judge's Report and Recommendation. Newell claims that he hired and relied on counsel to pursue postconviction relief, including his writ of habeas corpus. Newell also contends that he received ineffective assistance of counsel at trial and sentencing, that his sentence was imposed illegally, and that the state courts have not adequately reviewed his challenge to his conviction and sentence.

## II. DISCUSSION

A. Standard of Review

This Court conducts a *de novo* review of those portions of the report or specified proposed findings or recommendations to which Newell objects. *Koetting*

*v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)). However, the district court need not "reiterate the findings and conclusions of the magistrate judge." *Id.* Nor must it consider "[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). With respect to those portions of the Report and Recommendation to which Newell does not object, the Court reviews those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B. <u>Analysis</u>

Newell does not object to the Magistrate Judge's findings that Newell's conviction became final on December 28, 1999, that his deadline to file a § 2254 petition was June 13, 2002, and that Newell did not file any additional proper applications for postconviction relief in state court sufficient to toll the limitations period prior to June 13, 2002. Those findings are not clearly erroneous or contrary to law.

In his Objection [13], Newell contends that he relied on his attorney to "know what to file and in which court" and "to avoid deadlines such as the federal A.E.D.P.A. deadline." Objection [13] at 1, 5. As the Magistrate Judge found, there is nothing to indicate Newell hired counsel to seek postconviction relief prior to the expiration of the limitations period. Moreover, equitable tolling "is not justified merely because an attorney makes a mistake of law regarding limitations." *Wion v. Quarterman*, 567 F.3d 146, 149 (5th Cir. 2009). "Many courts have considered

6

the question whether attorney error constitutes 'rare and exceptional circumstances' and have held that it does not." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (collecting cases); *see also United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (reversing the invocation of equitable tolling where an attorney's error or neglect caused the petition to be filed late). Newell is not entitled to equitable tolling based upon his reliance on counsel.

Newell also contends that he received an improper sentence enhancement, that his trial counsel provided ineffective assistance, and that the state courts did not adequately review his sentence. These claims go to the merits of Newell's Petition and provide no basis for equitable tolling of the limitations period. Newell's Petition is thus time-barred and should be dismissed.

### III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Newell's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. The Report and Recommendation will be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Derrick Newell's Objection [13] filed in this case is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [11] of United States Magistrate Judge Robert H. Walker entered in this case on December 11, 2017, is **ADOPTED** in its entirety as the finding of

this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 21st day of February, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE